**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3649-17T2

WILLIAM SCHOLDER,

    Plaintiff-Appellant,

v.

BOARD OF ADJUSTMENT
OF THE TOWNSHIP OF
ROCKAWAY, and J.L.
SOUTHARD, INC.,

    Defendants-Respondents.

_____

Argued February 13, 2019 – Decided March 12, 2019

Before Judges Koblitz, Currier, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0727-17.

Allen Hantman argued the cause for appellant (Morris & Hantman, attorneys; William Scholder, on the pro se briefs).

David Burton Brady argued the cause for respondent Board of Adjustment of the Township of Rockaway (Brady & Correale, LLP, attorneys; David Burton Brady, on the brief).

Kevin G. Weinman argued the cause for respondent J.L. Southard, Inc. (Belsole & Kurnos, LLC, attorneys; Donald R. Belsole and Kevin G. Weinman, on the brief).

PER CURIAM

Plaintiff William Scholder appeals from a March 9, 2018 order affirming a decision by defendant Board of Adjustment of the Township of Rockaway (Board), granting an application submitted by defendant J.L. Southard, Inc. (Southard). We affirm.

Southard filed an application seeking variances for improvements made to its pre-existing, nonconforming salvage operation in Rockaway (Property). Southard made the following improvements: relocated an office trailer to a different portion of the Property; constructed a second floor on an existing garage, creating storage space, a conference room, and an employee lunch room; installed a modern weigh scale, replacing an outdated scale; relocated metal storage containers to the Property's border to act as a buffer and reduce noise from the salvage operation; and expanded an area in the rear of the Property for storage of material, equipment, and machinery. Southard's application sought bulk variances, N.J.S.A. 40:55D-70(c), known as (c) variances, and use variances, N.J.S.A. 40:55D-70(d), known as (d) variances.

The Board considered extensive testimony from competing experts regarding Southard's application. In addition, the Board also heard from neighboring residents and other objectors in opposition to Southard's application. The testimony spanned twenty hearing days over the course of nearly four years.[1] In a forty-two page memorializing resolution, the Board granted Southard's application, finding Southard satisfied the requirements for the requested (c) and (d) variances.

Plaintiff filed a complaint in lieu of prerogative writs, claiming the Board's resolution granting Southard's application was arbitrary, capricious, and unreasonable. The trial court heard argument on December 18, 2017, and issued a written decision on March 9, 2018, affirming the Board's decision. The trial judge considered plaintiff's challenges to Southard's application and found the Board's decision was not arbitrary, capricious, or unreasonable.

On appeal, plaintiff asserts the Board's resolution was arbitrary, capricious, and unreasonable. In addition, plaintiff argues the following: the changes Southard made to the Property were "major changes," which the Board failed to properly consider; the trial court did not apply the proper standard for

---

[1] The parties advise there were twenty-two hearing dates. However, only twenty days of hearing transcripts were provided on appeal.

assessing the grant of a use variance; truck traffic increased significantly after installation of a weigh scale at the Property; Southard's improvements had a detrimental impact on the surrounding neighborhood; and the trial court failed to explain how Southard satisfied the requirements for the requested (c) and (d) variances.

Plaintiff presented these same arguments to Assignment Judge Stuart A. Minkowitz, who considered and rejected them in a thorough and well-reasoned written decision. After reviewing the record, including the testimony from the experts and objecting neighbors, as well as the written expert reports and other documentary evidence, we affirm for the reasons stated by Judge Minkowitz. We add only the following comments.

We owe considerable deference to zoning board decisions and should reverse only if the board's action was arbitrary, capricious, or unreasonable. Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment of W. Windsor Twp., 172 N.J. 75, 81 (2002). A board's decision is presumed valid, and the party challenging the determination has the burden of proving otherwise. N.Y. SMSA Ltd. P'ship v. Bd. of Adjustment of Bernards, 324 N.J. Super. 149, 163 (App. Div. 1999).

We will not disturb a board's decision unless there is a "clear abuse of discretion." Price v. Himeji, 214 N.J. 263, 284 (2013). We will not overturn a

board's decision as long as there is adequate evidence supporting the decision. Burbridge v. Twp. of Mine Hill, 117 N.J. 376, 385 (1990). The Board's forty-two page resolution is sufficient, and its determinations are worthy of our deference.

We also comment on plaintiff's argument that Southard's application is an improper expansion of a nonconforming use, requiring a variance under N.J.S.A. 40:55D-70(d)(2). "[A]n existing nonconforming use will be permitted to continue only if it is a continuance of substantially the same kind of use as that to which the premises were devoted at the time of the passage of the zoning ordinance." Town of Belleville v. Parrillo's, Inc., 83 N.J. 309, 316 (1980). A nonconforming use "is ordinarily restricted to its character and scope at the time the ordinance making it a [nonconforming] use was enacted." Bonaventure Int'l., Inc. v. Bor. of Spring Lake, 350 N.J. Super. 420, 432 (App. Div. 2002). In determining whether there has been an expansion of a nonconforming use

> [t]he issue is whether the present use is substantially similar to the use which existed at the time of adoption of the zoning ordinance, or whether there has been an illegal extension of the use. If the present use is substantially similar to the use at the time it became nonconforming, it will be permitted to continue. On the other hand, if there has been an illegal extension of use, a variance must be obtained.
>
> [Id. at 433 (citations omitted).]

An increase in business activity associated with a pre-existing, nonconforming use is permissible so long as it is the same kind of use. Id. at 434 (citing Hantman v. Randolph Twp., 58 N.J. Super. 127, 136 (App. Div. 1959) (holding "an increase in the volume of business alone is ordinarily not considered an expansion of a nonconforming use")).

Applying the foregoing analysis, it is undisputed the Property has been used as a salvage business continuously since 1949. Any increase in Southland's volume of business at the site does not result in a conclusion that the Property is being put to a new or different use. According to the testimony, the volume of business at the salvage yard is based on the fluctuating price of scrap metal on the open market. If the price of metal increases or decreases, Southard's volume of business will similarly increase or decrease.

In addition, there was testimony presented to the Board that the volume of business at the Property has not changed since 1985. The testimony evidences no increase in the truck traffic or noise levels at the site as a result of the improvements on the Property, including the installation of the upgraded weigh scale. To the contrary, Southard presented testimony that the number of employees and the hours of operation at the site have decreased since the improvements to the Property were completed. In addition, the Township's

6

police department and Southard's experts testified that truck traffic on the road leading to the Property has not increased and is below acceptable traffic capacity limits. Similarly, the Board considered the expert testimony from its police department and Southard that the noise from the salvage operations at the Property was within acceptable State and local decibel limits.

Based on the testimony, the Board also found that the weigh scale is an equipment upgrade, replacing an outdated scale system to comply with the State's requirements for weighing trucks. The Board further concluded the new weigh scale obviated multiple truck trips to and from the Property because trucks previously had to go off-site to be weighed and then return to the Property to off-load the material. Thus, according to the testimony, truck traffic at the Property actually diminished after installation of the upgraded scale.

There was ample evidence in the record to support the Board's determination that the improvements to the Property requested in Southard's application did not have a detrimental impact on the surrounding residential neighborhood. In addition, there is sufficient credible evidence that truck traffic and noise levels diminished as a result of Southard's enhancements to the Property.

A-3649-17T2

On this record we are satisfied that Southard's use of the Property is substantially similar to the use which existed in 1949, and therefore was a lawful continuation of a nonconforming use. The judge, after considering all of the evidence, properly concluded the Board's approval of Southard's application was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3649-17T2